Araceli CASTRO; Florencio Felimon Meza; Vitaliana Varela; Lucitana Chavac; Ismael Veliz Herrera; Maria Flores; Cesareo Flores; Celestino Gonzalez; Esperanza Hernandez; Guadalupe Hernandez; Alonso Cuyuch, Antonio Contreras; Erika Contreras; Alberto Rodriguez Rubio; Edilberto Rodriguez Montez; Nayeli Rubio Rodriguez; Maria Pineda; Cliseria Pineda; Israel Flores, Plaintiffs—Appellants,

v.

FASHION 21, INC., a California corporation; Do Won Chang; Jin Sook Chang, Defendants—Appellees,

and

PNL American, Inc., d/b/a Nanaimo Fashion; Yong Chul Yoon, individually & in his official capacity as an officer of PNL American, Inc., d/b/a Nanaimo Fashion; Hyo Jin Choi, individually & in his official capacity as an officer of PNL American, Inc., d/b/a Nanaimo Fashion; P & L Fashion; Stephan Chul Nam, d/b/a Big Tree; One Step Embroidery, Inc., Cool Blue, Inc.; Hyo Sook Yoon, individually & in his official capacity as an officer of Cool Blue, Inc.; Keong Ran Yoo, individually & in his official capacity as an officer of Nare Fashion, Inc., a/k/a Kyung Ran Yoo, Defendants.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

No. 02–55629.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2004.

Decided March 5, 2004.

John M. McCoy, III, Bird Marella Boxer & Wolpert, Julie A. Su, Esq., Christina N. Chung, Esq., Asian Pacific American Legal Center of Southern California, Los Angeles, CA, for Plaintiff–Appellant.

Wayne S. Flick, Esq., Robin D. Dal Soglio, Esq., Latham & Watkins, Los Angeles, CA, for Defendant–Appellee.

Before: FRIEDMAN,* TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The supplemental jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law ... [or] (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In this case both of these conditions were met.

The state law claims against the Fashion 21 defendants—the only claims that remained in the case after the federal claims against the other defendants were dismissed—involve novel and difficult questions under California law. Apparently there is no California case that directly addresses the issues. A major statute upon which the appellants rely is recently enacted legislation that the California courts have not construed. Here, as in *Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1181 n. 28 (9th Cir.2003), "[t]hese claims require multiple decisions on important, unsettled, and policy-laden issues of California law." As we there stated, "[w]hen all federal claims are eliminated before trial, retaining jurisdiction only over complex questions of state law becomes, in some circumstances, especially inappropriate." *Id.*

We conclude that in the circumstances of this case, it was inappropriate for the district court to have retained the supplemental state claims against the Fashion 21 defendants after the federal claims were dismissed. Accordingly, we reverse the judgment of the district court dismissing the supplemental claims under Federal Rule of Civil Procedure 12(b)(6) and remand the case to that court with instructions to dismiss the supplemental claims without prejudice.

REVERSED AND REMANDED WITH INSTRUCTIONS

---

* Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.